[No. 10971.  Department Two.  April 28, 1913.]

JOHN C. ATWOOD *et al., as Executors etc., Respondents*, v.
HENRY C. SICADE *et al., Respondents*, HENRY STEVE
*et al., Appellants.*[1]

ATTORNEY AND CLIENT—COMPENSATION—CONTRACT—VALIDITY.  Attorneys employed to bring an action to set aside a deed secured through undue influence and want of capacity, are not entitled to recover the fee stipulated where the contract cannot be regarded as the contract of one competent to contract; but having rendered valuable services, they are entitled to the reasonable value thereof.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered July 1, 1912, in favor of the plaintiffs, in an action to set aside a deed, denying relief on a cross-complaint for attorney's fees for services rendered in the action, after a trial on the merits to the court.  Affirmed.

*Kerr & McCord*, for appellants Hart and Allen.

*Arthur E. Griffin*, for appellants Steve.

*Bogle, Graves, Merritt & Bogle*, for respondents.

MORRIS, J.—This appeal was presented at the same time as the appeal in the probate proceeding involving the several purported wills of Mary Jeffs, deceased, just decided.  *In re Jeffs' Estate, ante* p. 212, 131 Pac. 847.  The two matters involved in this appeal are the enforcement of the contract with Hart and Allen for one-half the value of the property conveyed by Mary Jeffs to Henry C. Sicade, as compensation for their legal services in obtaining a rescission of that deed upon the ground of fraud, and the agreement entered into on September 28, 1910, between Mary Jeffs and Henry Sicade, whereby provision was made that, as a part of that settlement, Sicade should convey the 43-acre piece to Ella Steve. In our discussion of this appeal we refer to the facts set out in the former opinion.  They may, in so far as material, be

[1]Reported in 131 Pac. 850.

accepted as the facts in this case. After obtaining their con-
tract, Hart and Allen commenced the action against Sicade.
This case passed through the usual preliminaries and was
set for trial on February 15, 1911. On February 14, Mary
Jeffs, Henry Sicade and others met at the office of W. H.
Bogle, one of the trustees under the will of Richard Jeffs,
and a settlement of their differences was sought. Mr. Allen
was called in after the negotiations had proceeded somewhat,
and shown the proposed contract of settlement, under which
it was proposed the Sicades should convey one-half of the
property to the trustees of the Jeffs Orphans' Home and re-
tain the remainder. To this Mr. Allen objected, and the
negotiations were renewed, resulting in a settlement upon the
basis of Sicade conveying three-fourths of the property to
the trustees and retaining the balance. It was further pro-
vided that the Sicade suit should be dismissed, and that what-
ever attorney's fees should be allowed or established in favor
of Hart and Allen should be paid by the trustees.

One phase of this agreement has already been dealt with
by this court in *State ex rel. Bogle v. Superior Court*, 63
Wash. 96, 114 Pac. 905, in which, referring to this agree-
ment as to the payment of these attorney's fees, it is said:

"This language does not mean that the attorney's fees are
to be established in the Jeffs suit. Clearly, however, it does
mean that the trustees will pay the attorney's fees allowed
them for their services to their client Mary Jeffs in her suit
against the Sicades, when determined in an action brought
for that purpose."

Hart and Allen then filed a cross-complaint in this action,
in which they sought to recover attorney's fees based upon
the value of the property conveyed by Sicade and amount-
ing to $43,125. Upon the trial they insisted upon the fee
being awarded upon the basis of their contract, and refused
to permit the court to award such a fee as it might regard
reasonable. The court, being of the opinion that the con-
tract could not be upheld, refused to recognize its validity,
and Hart and Allen have appealed.

We have already said all we care to say about this contract in the previous case; we do not regard it as the contract of one competent to contract. These attorneys did, however, perform valuable services in the commencement of the action against Sicade and in preparing it for trial. It does not seem to us problematical what the outcome of that suit would have been had it proceeded to trial. No court, under the circumstances, would have sustained the Sicade deed. The services of Mr. Allen were also valuable in obtaining the settlement from Sicade upon the basis of a reconveyance of three-fourths of the property instead of one-half as first proposed. That settlement is not before us for review as to the amount of property obtained from Sicade, and hence it is not proper for us to here speak our mind concerning it. The trustees, however, there obligated themselves to pay these attorneys such a sum as should be allowed them in some proceedings brought to determine that allowance, and this obligation must be kept. That sum should be a reasonable sum, and fully commensurate with the value of the services performed. What that sum shall be is not for us in the first instance to determine. We do not, however, believe it is the sum of $43,125, as here demanded.

As to the appeal of Ella Steve, reference has already been made in the other opinion to the contract with Sicade under which the deed to this forty-three acres is claimed. We there said enough to indicate our opinion that it cannot be sustained. Certainly both of these contracts cannot be sustained, for they are as opposed to each other as two contracts can be. In the contract with Hart and Allen on September 22, Mary Jeffs repudiates the Sicade deed as obtained by fraud and misrepresentation. On September 28, six days later, she repudiates the Hart and Allen contract, affirms the Sicade deed, and abandons the suit against him. On October 31, she again attacks the validity of the Sicade deed, disaffirms the contract of September 28, and returns to the Hart and Allen contract. Which contract shall we enforce,

and which shall be said to be the act of one wholly competent to contract? If this question were to be decided by the parties to this appeal, doubtless they would answer as best serves their interests. But our answer is, neither.

The judgment of the lower court is affirmed.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.