[No. 17856.   Department One.   June 30, 1923.]

FRED BLASER, *as Guardian of the Estate of Thomas Milroy etc., Appellant,* v. JERRY MEEKER *et al., Respondents.*[1]

BILLS AND NOTES (85, 142)—PAYMENT—BY SERVICES—EVIDENCE—SUFFICIENCY. Findings that defendant performed services for the plaintiff in payment of a note, are not sustained by his testimony that he performed the services long prior to the execution of the note, where his evidence is very improbable.

WITNESSES (44, 47)—COMPETENCY—TRANSACTIONS BETWEEN WITNESS AND PERSON UNDER DISABILITY—SERVICES. In a guardian's action upon a note, testimony of the maker, claiming a set off, that he was hired by the ward who agreed to pay him and finally settled the balance due as a payment in full for his services, is prohibited by Rem. Comp. Stat., § 1211, excluding the evidence of a party in interest as to transactions in such a case.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered June 24, 1922, upon findings in favor of the defendants, in an action upon contract, tried to the court. Reversed.

*Ralph Woods,* for appellant.
*F. Campbell,* for respondents.

HOLCOMB, J.—Appellant sued as guardian of the estates of Thomas Milroy and Elizabeth Milroy, his wife; and after judgment, Elizabeth Milroy died, whereupon appellant was appointed administrator of her estate, and substituted as such in this proceeding. Appellant was appointed guardian of the estates of the Milroys on June 25, 1921.

This action is upon a promissory note, made, executed and delivered by respondents, on November 13, 1916, for the sum of $2,000, payable one year after date,

[1]Reported in 216 Pac. 1.

with interest at the rate of six per cent per annum from date of the note, payable semi-annually. Payments were alleged by appellant to have been made on the note in the sum of one thousand dollars paid on March 13, 1918; $160 paid on March 13, 1918; $40 paid on March 13, 1918; $75 paid June 1920; $100 paid November 1920; $50 paid in March 1921, and $40 paid in June 1921, appellant alleging a balance due in the sum of $917 principal and interest, and $150 attorneys fees, as provided for in the note in case suit or action should be instituted to collect.

In their answer, respondents admitted the execution of the note, denied its non-payment, and affirmatively alleged that respondent Jerry Meeker performed services for Thomas and Elizabeth Milroy, at their special instance and request, of the reasonable value of one thousand dollars; that it was finally agreed between the Milroys and respondents that the respondents should be allowed for the services of the husband the difference between what they had paid the Milroys upon the promissory note and the balance due thereon, and that the debt should thereby be cancelled, and that the Milroys agreed to surrender up the note to respondents, but failed to do so. A further affirmative defense of former adjudication was alleged, but no proof offered to sustain it. The defense was payment.

On the trial of this case, appellant introduced the note in evidence, whereupon respondents assumed the burden of proof and offered testimony tending to prove payment or settlement of the indebtedness by Jerry Meeker with Elizabeth Milroy. From the testimony of Jerry Meeker, he attempts to show that, at some time, he was employed by Elizabeth Milroy to procure evidence and assist her in the matter of procuring an interest she had in her sister's (Mary Jeffs') estate.

Elizabeth Milroy and Mary Jeffs were Indians, and so, also, is Thomas Milroy. Meeker testified that the services he rendered were rendered in 1914 or 1915, whereas the matters involved in the Jeffs estate, arising over the contest of her will, were decided by this court on April 28, 1913 (*In re Jeff's Estate*, 73 Wash. 212, 131 Pac. 847), and another matter, involving attorneys fees for the parties concerned therein, was decided on the same day, in *Atwood v. Sicade*, 73 Wash. 219, 131 Pac. 850. After the decision in the case, Meeker claims that he got the trustees under the will of Mary Jeffs to settle and let Mrs. Milroy, the sister of Mrs. Jeffs, have $5,000, as was intended by Mary Jeffs. In any event, the matter was compromised so that Mrs. Milroy got the $5,000, and out of that $5,000 it seems to be undisputed that the $2,000 evidenced by the note in suit was loaned to respondents. The Milroys must certainly have had the money prior to November 13, 1916, when the $2,000 was loaned to respondents, and the note taken therefor, and that was prior to the time the court found the services were performed by Jerry Meeker for Mrs. Milroy. The court found that the services were rendered prior to and during the years 1916, 1917 and 1918, at the special instance and request of the Milroys, and that such services were reasonably worth the sum of $1,000.

There is no evidence, nor justifiable inference from evidence, that any services were performed by Meeker during the years 1916, 1917 and 1918, unless it may be inferred that services were rendered in 1916 prior to November 13 of that year, when the note was given. If that were true, it is somewhat surprising that appellants were given the note for $2,000 on November 13, and had no settlement for Meeker's services in the Jeffs estate matter. The evidence of Meeker is, there-

fore, very improbable; and, moreover, there is no evidence on his part that his services were worth $1,000.

Furthermore, this suit was instituted and maintained by the guardian of the estate of Elizabeth Milroy in a representative capacity, and whether she was totally insane or not, presumably she was incompetent to manage her estate, or the guardian would not have been appointed by the court. That being true, we are of the opinion that the testimony of Meeker as to the transactions with Mrs. Milroy to the effect that "she hired me in looking after her interest from her sister's estate," and that he "took it up with her in settlement of my services which she agreed upon," and that "she agreed to pay me," and that "the money paid on the two thousand dollars and the difference that was unpaid (after there was a settlement between Meeker and Mrs. Milroy), was agreed to be the balance paid for Meeker's services in full settlement of the note," were prohibited by the statute, § 1211 Rem. Comp. Stat. [P. C. § 7722], and the objection by counsel for appellant upon the specific ground of the prohibition of the statute should have been sustained.

We conclude that the preponderance of the evidence does not sustain the findings of the trial court in favor of respondents, but is contrary thereto.

The judgment is reversed and the cause remanded with instructions to enter judgment for appellant in the amount sued for, with interest, attorneys' fees and costs.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.